# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW P. DEC | )<br>) |
| Plaintiff, | )<br>) Civil Action No. 2:13-01504 |
| v. | )<br>) Judge Mark R. Hornak |
| COMMONWEALTH, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Matthew Dec has filed this *pro se* Complaint seeming to allege that in 2007, he was convicted in state court in Butler County, Pennsylvania of the offense of disorderly conduct, which he asserts was a third degree misdemeanor at the time. ECF No. 3 at ¶4. The substance of his claims are a bit gauzy, but giving him the benefit of the doubt, he appears to claim that when he was so convicted via his guilty plea, he not only did not have a lawyer, but the waiver of counsel colloquy conducted by the trial judge fell short of the constitutional mark, and any decision he made to proceed without counsel was not the result of a knowing and voluntary waiver of his right to counsel.

Mr. Dec filed for and was granted *in forma pauperis* status by this Court. Given that, this Court is duty bound to review and consider his Complaint at the earliest juncture to assess whether it pleads a claim for relief, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14, n. 19 (3d Cir. 2002), and to dismiss it if it fails to do so. 28 U.S.C. § 1915(e)(2). In that it is arguably a "civil rights" Complaint, leave to further amend to assert a claim is to be granted, unless doing so would be futile. *Grayson*, 293 F. 3d at 108-09.

To the extent the Complaint seeks to assert a claim for a constitutional violation actionable via 42 U.S.C. §1983, it fails on its face. First, it is filed far too late. The Supreme Court has directed that the applicable statute of limitations for such a claim is that set out in the analogous state limitations period for personal injury or general tort actions. *See Hurst v. Trader*, 223 Fed. Appx. 128 (3d Cir. 2007), *cert. denied*, 552 U.S. 883 (2007). In Pennsylvania, where the alleged events occurred, that is two years. *Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985). A court is to consider that doctrine in screening the Complaint in these circumstances, *sua sponte*, where the defect is apparent on the face of the Complaint. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510-11 (6th Cir. 2001). That the Complaint here is filed at least four (4) years too late appears directly on the face of the Complaint. Thus, to the extent that the Complaint is read to assert one or more theories for relief actionable via Section 1983, those claims are facially time barred, and any amendment in those regards would be futile.

In addition, Mr. Dec's Complaint appears to use 42 U.S.C. § 1983 as a vehicle to challenge the validity of his state court conviction, seeking a declaratory judgment. ECF No. 3 at ¶ 9. Of course, as a general matter, § 1983 may not be used to impeach the validity of an allegedly unjust conviction, and such relief may not be had absent direct invalidation of such conviction on appeal or otherwise. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Mr. Dec's Complaint is a direct challenge to the validity of his conviction, ECF No. 3 at ¶¶ 7-9, without the necessary demonstration that such conviction has been invalidated. *See Prater v. City of Philadelphia, et al*, No. 12-4259, 2013 WL 5530521, *2 (3d Cir. October 8, 2013) (unpublished) (Sixth Amendment claim barred if it implies invalidity of conviction).

The Court also cannot construe Dec's complaint as a petition for a writ of habeas corpus because he is not requesting as relief in this case that the Court order that he be released from

unlawful custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973) (A habeas corpus petition is for challenging the fact of a criminal conviction or the duration of a sentence and its function is to secure release from illegal custody). *See also McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Since the sentence that the Court of Common Pleas of Butler County imposed upon Dec on June 6, 2007, has expired, there would be no basis for him to seek relief via habeas.[1]

If the Court did construe the Complaint as a petition for a writ of habeas corpus, it would be summarily dismissed. 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See also id. § 2254(b). In light of this language, the Court of Appeals for the Third Circuit has declared that "the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" *United States ex rel. Dessus v. Commonwealth of Pennsylvania*, 452 F.2d 557, 559-60 (3d Cir. 1971), *cert. denied*, 409 U.S. 853 (1972). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

---

[1] The Court takes judicial notice of the relevant Court of Common Pleas of Butler County's docket sheet at *Commonwealth v. Dec*, CP-10-CR-42-2006, which is available to the public for review online. It confirms that the sentence that the Court of Common Pleas of Butler County imposed upon Dec on June 6, 2007 (a 12-month term of probation, to be served concurrent with existing probation) has long ago expired.

3

452 F.2d at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (May 2013) ("The custody requirement is jurisdictional.") (citing, *inter alia*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam)). "In making a custody determination, a court looks to the date that the habeas petition was filed." *Barry v. Bergen* County *Probation Dep't*, 128 F.3d 152, 159 (3d Cir. 1997), *cert. denied*, 522 U.S. 1136 (1998), (citing *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968)). *See also* Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This requirement is strictly enforced. *Scanio v. United States*, 37 F.3d 858, 86-61 (2d Cir. 1994).").

Because Mr. Dec's June 6, 2007, judgment of sentence has expired, he can never again be "in custody" pursuant to it. Accordingly, any habeas petition that he would file challenging that judgment of sentence would be summarily dismissed for lack of jurisdiction. See *Dessus*, 452 F.2d at 559-61 (the petitioner was challenging a conviction on a count for which the sentence was suspended; although he was imprisoned on other counts, the federal court lacked jurisdiction over his habeas petition since he was not detained pursuant to the conviction he was challenging); *Wells v. Varner*, 392 Fed. App'x 914, 917-19 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 1683 (2011) (the "in custody" prerequisite was not met because the petitioner, who was serving a life term for murder, was challenging a conviction on a count for which the sentence was suspended; quoting *Dessus*, 452 F.2d at 561, for the proposition that "this court is 'without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence.'"); *Barry*, 128 F.3d at 160 ("courts continue to recognize that this custody requirement is designed to limit the availability of habeas review to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor

immediate. Accordingly, several courts have held that the imposition of a fine or restitution does not constitute custody.") (internal citations and quotation marks omitted).

For these reasons, the Court is obligated to dismiss Mr. Dec's Complaint, and it does so with prejudice, concluding that any amendment would be futile in light of the principles of law applied above.[2]

Mark R. Hornak
United States District Judge

Dated: November 8, 2013

cc: Mr. Matthew P. Dec

---

[2] Given this disposition, and the reasons for it, Mr. Dec's Petition for Pro Bono Counsel and Extension of Filing Time, ECF No. 6, is also denied.